IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JESSE J. WOODSIDE-FISHER,    )
                             )
    Petitioner,               )
                             )
                             )    CIV-15-314-D
v.                           )
                             )
COMANCHE COUNTY,             )
                             )
    Respondent.               )

REPORT AND RECOMMENDATION

Petitioner, a state detainee/prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed without prejudice for failure to exhaust state remedies.

The Petition filed by Petitioner on March 26, 2015, in this action is brief. In it, Petitioner alleges that he is being detained in the Jackson County Law Enforcement Center in Altus, Oklahoma, although he does not describe the cause for his confinement. Petitioner asserts that he is challenging a 2004 conviction entered in the District Court of Comanche County, Case No. CF-2004-430, for Indecent Exposure. Petitioner states that this conviction was entered pursuant to his guilty plea and that he was sentenced on May 18, 2005, to a 5

1

year term of imprisonment with 4 years of the sentence suspended and one year of imprisonment to serve in the Comanche County jail.

As his first ground for habeas relief, Petitioner asserts that his conviction "was upgraded unlawfully and out of jurisdiction and . . . retroactively caus[ed] me to register as a sex offender."[1] Petition (Doc. # 1), at 6 (ECF page number 5). In his second ground for habeas relief, Petitioner asserts that he was "ordered to pay a fine of $500 dollars . . . for the cost of 20 jurors," and he alleges the fine is "excessive" and violates his constitutional rights. Id. at 7 (ECF page number 6). As relief, Petitioner requests "[t]o have the sex offender stipulations removed and to have the record reflected [sic] and to have my fines lowered." Id. at 15 (ECF page number 14).

Petitioner admits in his Petition that he has not raised any of his grounds for habeas relief in the state courts. Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court, or demonstrate that there is an absence of available state remedies or that circumstances exist that render the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(exhaustion requirement is satisfied when state prisoner has given state

---

[1] It appears that the Oklahoma statute prohibiting the offense of "indecent exposure" was amended in 2011 to provide that "a person alleged to have committed an act of public urination shall be prosecuted pursuant to Section 22 of this title unless such act was accompanied with another act that violates paragraphs 2 through 4 of this subsection and shall not be subject to registration under the Sex Offenders Registration Act." 21 Okla. Stat. tit. 22, § 1021(A)(1)(as amended). Petitioner has not alleged that his offense involved only the "act of public urination." The remainder of the statute does not include language exempting its provisions from registration under the Sex Offenders Registration Act.

courts an opportunity to act on his claims before he presents those claims to federal court in a habeas petition).

"For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' in order to give state courts the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Prendergast v. Clements, 699 F.3d 1182, 1184 (10th Cir. 2012)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). The exhaustion requirement will be excused if "there is an absence of available State corrective process . . . or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

Where a habeas petitioner has not exhausted available state remedies, "[g]enerally a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006).

A habeas "petitioner bears the burden of demonstrating that he has exhausted his available state remedies." McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009)(quotation omitted). Petitioner admits in the Petition that he has not exhausted state court remedies concerning his claims. Petitioner was ordered to show cause as to why his Petition should not be dismissed on the basis of nonexhaustion.

Petitioner has filed a responsive pleading in which he asserts that he has no legal proficiency and that he attempted to exhaust state remedies available in the Comanche County District Court but a clerk responded to his request for a "Writ of Habeas Corpus" that

such a pleading was not applicable.

There is no dispute that Petitioner has not presented his claims to an Oklahoma state court. His allegation that he has attempted to do so but his attempt was obstructed by a court clerk is not sufficient to excuse his failure to exhaust available state remedies. Oklahoma has a clearly-established certiorari appeal procedure, <u>see</u> and a post-conviction procedure, <u>see</u> Okla. Stat. 22, tit., § 1080 et seq., that Petitioner admits he has not pursued. Even assuming that Oklahoma's statutory provisions governing the filing of an application seeking post-conviction relief require the applicant to use a particular form, Petitioner admits he did not request a post-conviction application form or indicate why he could not have received the form, if it is required, from other sources at any time after his conviction in May 2005.

Thus, Petitioner has not satisfied the exhaustion requirement. Under these circumstances, the Petition should be dismissed without prejudice for lack of exhaustion. <u>See Allen v. Zavaras</u>, 568 F.3d 1197, 1202 (10th Cir. 2009)(affirming district court's *sua sponte* dismissal of habeas action for failure to exhaust where nonexhaustion is "clear from the face of the petition").

Nor has Petitioner shown that he is "in custody" with respect to the 2005 conviction. The federal habeas statute provides a district court with authority to consider a petition brought by a person in custody pursuant to a state court judgment only on the ground that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."

Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County, 411 U.S. 345, 351 (1973).  A habeas petitioner does not remain "'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." Maleng v. Cook, 490 U.S. 499. 491 (1989).  In this case, Petitioner asserts that his conviction was entered in 2005.  He has not alleged that he is in custody under the sentence entered for this conviction or that he is serving consecutive sentences. See Garlotte v. Fordice, 515 U.S. 39, 41 (holding that "for purposes of habeas relief, consecutive sentences should be treated as a continuous series" such that a prisoner "remains 'in custody' under all of his sentences until all are served"); cf. Mays v. Dinwiddie, 580 F.3d 1136, 1137 (10th Cir. 2009)(holding Garlotte's continuous stream is not wide enough to cover a now-expired sentence that was imposed concurrently with sentences that a habeas petitioner continues to serve").  Therefore, this Court lacks jurisdiction to consider the merits of his habeas claims.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED for lack of exhaustion and, alternatively, lack of jurisdiction.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by       May 11th, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the

5

magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___20th___ day of ___April___, 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE